# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 19-20053-CIV-GAYLES/MCALILEY

**DEUTSCHE BANK SECURITIES, INC.,**

    **Plaintiff,**

v.

**NELSON E. CASSIS SIMON,** *et al.,*

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Preliminary Injunction [ECF No. 6] and Defendants' Motion to Dismiss and to Compel Arbitration Pursuant to the Federal Arbitration Act [ECF No. 12]. The action was referred to Magistrate Judge Chris McAliley, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 24]. On August 20, 2019, Judge McAliley issued her report recommending that the Court deny Plaintiff's Motion for a Preliminary Injunction and grant Defendants' Motion to Dismiss and Compel Arbitration (the "Report") [ECF No. 34]. Plaintiff has timely objected to the Report [ECF No. 38] and Defendants have responded to Plaintiff's objections [ECF No. 39].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection

is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff Deutsche Bank Securities, Inc. ("DBSI") brought this action to enjoin an arbitration Defendants Nelson E. Cassis Simón, Lucia Victoria Simón de Cassis, Nelson de Jesus Cassis Zacarias, Mauricio Cassis Simón, and Rolando Martin Cassis Simón (the "Cassis Family") brought against it before the Financial Industry Regulatory Authority ("FINRA"). In their Statement of Claim, the Cassis Family alleges that they lost in excess of $400,000 after they purchased certain Deutsche Bank Notes (the "Notes") on the recommendation of Jose Luis Llamas ("Mr. Llamas"). Mr. Llamas was the Cassis Family's investment manager, and, at the time in question, a registered securities broker for and employee of DBSI. Mr. Llamas was also an employee of Deutsche Bank Trust Company Americas ("DBTCA"). Deutsche Bank AG, Frankfurt am Main issued the Notes and the Cassis family purchased them through Deutsche Bank (Suisse) SA. DBSI contends the arbitration is improper because (1) there is no arbitration agreement between the Cassis Family and DBSI, (2) the Cassis Family was not a customer of DBSI, and (3) the dispute did not arise in connection with DBSI's business activities since the Note was issued by an entirely separate entity.

In her Report, Judge McAliley found that DBSI was required to proceed in arbitration pursuant to Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes. Rule 12200 requires FINRA members to submit claims to arbitration if (1) "[r]equested by the customer", (2) "[t]he dispute is between a customer and a member or associated person of a member", and (3) "[t]he dispute arises in connection with the business activities of the member or the associated person." FINRA Rule 12200. It is undisputed that DBSI is a member of FINRA. Applying these elements, Judge McAliley found that (1) the Cassis Family was a customer, (2) the dispute

2

was between the Cassis Family and Mr. Llamas, an associated person of DBSI, and (3) the dispute arose in connection with the business activities of an associated person of DBSI. In discussing the last element, Judge McAliley found that because the Cassis Family alleged that DBSI negligently supervised Mr. Llamas and DBSI was required to supervise its associates, the dispute arose in connection with the business activities of DBSI.

In their objections, DBSI argues that the Report misinterpreted the law, misapplied the applicable standard by failing to address that Mr. Llamas was not acting in his capacity as a representative of DBSI when he recommended the Notes, and ignored relevant facts. The Court disagrees.

In making her recommendation, Judge McAliley relied on *Multi-Financial Securities Corp. v. King*, 386 F.3d 1364 (11th Cir. 2004), and *Mony Securities Corp. v. Bornstein*, 390 F.3d 1340 (11th Cir. 2004), each with facts similar to this action. In *King*, an investor entered into an investment upon the advice of Mr. Micciche, an associated person of IFG. *King,* 386 F.3d at 1365. IFG was a FINRA member. It was undisputed that, like here, the investor did not have an account or written contract with IFG and IFG did not receive or distribute funds for the transaction. *Id.* at 1366. The investment failed, and the investor initiated a FINRA arbitration proceeding against IFG alleging several claims, including that IFG failed to supervise Mr. Micciche. *Id.* IFG then filed an action in federal court seeking a declaration that it had no obligation to arbitrate. *Id.* In affirming the district court's order compelling arbitration, the Eleventh Circuit held that (1) the investor, although not a direct customer of IFG, qualified as a "customer" under the FINRA rules;[1] (2) the dispute arose in connection with the business of a member, because "[w]hen an investor deals with a member's agent or representative, the investor deals with the member," *id.* at 1370;

---

[1] "Rules 10101(c) and 10301(a), however, unambiguously provide that [] King is a customer as long as she is not a broker or dealer; nothing in the Code directs otherwise or requires more." *King*, 386 F.3d at 1368.

and (3) the investor's negligent supervision claim satisfied the requirement that the dispute involve the business of IFG. *Id.* Similarly, in *Mony*, the Eleventh Circuit held that an investor could proceed in arbitration against a FINRA member if the dispute arose in connection with the activities of an associated person of the member, even if the investor invested with a company unrelated to the FINRA member. 390 F.3d at 1344 ("[I]t is irrelevant that the Borensteins invested with an unrelated company; what matters is that Keller was also an associated person with MONY.").

This action is substantively similar to *King* and *Mony*. The Cassis Family was a customer of Mr. Llamas. Mr. Llamas was a registered representative of DBSI. And, the Cassis Family alleged that DBSI failed to supervise Mr. Llamas in relation to the failed investment. Accordingly, the Court finds that, under FINRA Rule 12200, the arbitration must proceed.

DBSI also argues that the Eleventh Circuit's opinion in *Pictet Overseas, Inc. v. Helvetia Trust, AAA*, 905 F.3d 1183 (11th Cir. 2018), mandates a finding that the dispute does not have a sufficient connection to DBSI's business activities. The Court disagrees. *Pictet* is distinguishable from this case, *King*, and *Mony*,[2] because the *Pictet* investors dealt with an independent investment advisor—not a registered representative of the broker-dealer. *Pictet*, 905 F.3d at 1185 n. 2 ("Neither Callahan nor his company had any relationship with Banque Pictet or Pictet Overseas."). Moreover, the holding in *Pictet* did not abrogate the holdings in *King* or *Mony*. Rather, the Eleventh Circuit simply held that under Rule 12200, arbitration is only mandated where the relevant business activity has a connection to the investment advisor's status as an associate of a FINRA member. *Id.* at 1189. As an example, the Eleventh Circuit described a scenario where an associated person of a FINRA member, who operates a real estate side business, is involved in a car accident while driving a client to see a home. Clearly, under those hypothetical facts, any tort

---

[2] In *Pictet*, the Eleventh Circuit cites both *King* and *Mony* and does not suggest that those cases are no longer good law.

claim relating to the accident would not be arbitrable because "the relevant business activity—acting as a real estate agent—has nothing to do with the real estate agent's status as a partner of a FINRA member." *Id.* Here, however, Mr. Llamas was a registered representative of DBSI and his correspondence with the Cassis Family reflected his dual association with both DBSI and DBTCA. Moreover, the Cassis Family alleged that DBSI was negligent in its supervision of Mr. Llamas. DBSI is required, under FINRA rules, to supervise its representatives. Accordingly, the dispute arose out of the business activities of an associated person of a FINRA member. Indeed, the Eleventh Circuit acknowledged this exact factual scenario:

> By contrast, a customer's claim that an associated person, an officer for example, failed to properly supervise the business activities of the FINRA member potentially would be arbitrable under Rule 12200 because this claim would arise out of business activities of the associated person in his or her capacity as an associated person of the FINRA member.

*Id.*

DBSI also argues that Judge McAliley failed to consider material facts. However, DBSI is focused on evidence relating to whether Mr. Llamas was acting in his capacity as an associate of DBSI when recommending the investment. The arbitration panel will clearly have to consider this evidence in reviewing the merits of the Cassis Family's claims. But because the Cassis Family has alleged that DBSI negligently supervised its associate in connection with the disputed investment, the claims must proceed in arbitration.

Accordingly, having conducted a *de novo* review of the record and the law, the Court agrees with Judge McAliley's well-reasoned analysis and recommendations and finds that this matter must proceed in arbitration.

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge McAliley's Report and Recommendation [ECF No. 34] is **ADOPTED in FULL.**

(2) Plaintiff's Motion for Preliminary Injunction [ECF No. 6] is **DENIED.**

(3) Defendants' Motion to Dismiss and to Compel Arbitration Pursuant to the Federal Arbitration Act [ECF No. 12] is **GRANTED.** Plaintiff's Complaint is **DISMISSED without prejudice.** The parties shall proceed in the pending FINRA arbitration.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of September, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE